Nott, J.
The commissioners in this' case, ap- ^ pointed to lay off, and assign to Mrs. Heyward her dower in four several tracts ■ of land, have in lieu thereof allowed her the sum of five thousand pounds in money, which is equal to twenty-one thousand four hundred and twenty-eight dollars. This return was set as^e by the judge on the circuit; and this motion is made to reverse that decision, and to . , ' confirm the return of the commissioners. I am of opinion the decision ought not to be reversed. The act Assembly of 1786, authorises the commissioners to assess a sum of money, in lieu of dower, only . ... . . . . . , in cases when, m their opinion, it cannot be fairly and equally divided, without manifest disadvantage. They ought, therefore, to have stated that upon ta *627 king a view of the premises, they were of opinion, such a division could not be made, before they recommended a sum of money to be paid in lieu thereof. But in this case, they have assessed a sum of money to be paid, without showing that the land could not be divided to advantage, and the dower assigned. I am also of opinion, that the decision ought to be supported on another ground. It appears that the commissioners have valued the lands at fifteen thousand pounds, and have given, the widow five thousand pounds, in lieu of her dower, being one third of the value of the fee simple of the land : so that it appears, on the face of the return, that they have proceeded on erroneous principles, and that the return ought t« have been set aside; therefore, this motion ought to be discharged.
Smith, J.
It appeared by the return of the commissioners in this case, that they had assessed for Mrs. Heyward, one third of the fee simple value of the real estate of her late husband, William Heyward, instead of one third of its value fluring her natural life; and also that they had made this assessment without any regard to the divisibility of the lands; the presiding judge rejected the return, and this motion is to reverse the decision. In the admeasurement of dower, the first duty of the commissioners should be to ascertain whether each tract of land would admit of a division, without manifest disadvantage to the parties; and if they would, a *628 division ought to be made. But if a fair division could not be made without manifest disadvantage, then, and then only, are they authorised by the act of the Legislature, to assess a sum of money to be paid to the widow in lieu of her dower ; and upon a fair construction of the act, it would seem that they ought to make a special return, otherwise, it could never appear but what the land was capable of a fair and equal division; and it is only where that cannot be had, that the act authorises an assessment in money. On that ground alone, I should think the return too defective to be received. The act never intended to change the common law with respect to the quantity of dower, but was intended only to remedy the inconvenience which might arise in the meting of dower from lands which were incapable of advantageous divisions. To give one third of the fee simple value, is a gross departure from the spirit, as well as letter of the act. Besides it is transcending the original intention of this reasonable provision for widows. The object of this humane law was not to enrich the widow to the detriment of creditors, and the impoverishment of the rest of a man’s family; but for the sustenance of the wife, and the nurture and education of the younger children ; and this was to terminate on the death of the wife. I am, therefore, against the motion.
Justices Colcock and Grimke concurred.